| | |
|---|---|
| ANTHONY V. ALOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| ROY COOPER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2), 1915A; and Plaintiff's letter to the Clerk, [Doc. 9]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

**I.     BACKGROUND**

Pro se Plaintiff Anthony V. Alos ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Caldwell Correctional Center in Windsor, North Carolina. On March 9, 2023, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against the following Defendants: (1) Roy Cooper, Governor of North Carolina; (2) Josh Stein, Attorney General of North Carolina; (3) J.A. Brogden, identified as Magistrate for the Macon County Sheriff's Department; (4) Devin Holland, identified as the Macon County

Chief of Police;[1] and (5) the "Government of Macon County N.C." [Doc. 1 at 1-3, 12]. Plaintiff sues the individual Defendants in their official capacities only. [Id. at 2-3].

Plaintiff alleges as follows. After he lost two family members to COVID-19, he relapsed into drug addiction. Knowing this and that Plaintiff would have drugs on him, local police continually pulled him over. Plaintiff bonded out each time with "low possession bonds" because he admitted fault and honestly answered questions. Then, "to stop [Plaintiff] from continuing to pay [his] lawer [*sic*] and keep going to treatment all those habitual bonds were put on [him]." [Id. at 14]. After 17 months in custody, Plaintiff went to trial. On the second day of trial, Defendant Moore introduced new video evidence that Plaintiff's attorney "was not prepared for" and "the county" allowed it. Presumably on Plaintiff's motion, the trial was continued for two months, and Plaintiff was then "forced to take a 23 year plea for drug addiction." [Id. at 13-15]. At sentencing, Plaintiff was subject to four separate habitual felon enhancements on four separate methamphetamine possession charges. [Id. at 15].

---

[1] The Court takes judicial notice that Defendant Holland is the Chief of Police of the Town of Franklin, not of Macon County.

Plaintiff purports to state claims under the Eighth Amendment for excessive bail related to Plaintiff's habitual felon status and under the Fourteenth Amendment for "due process of law forcing cruel and unusual punishment" related to the new video evidence at trial. [Id. at 3, 5]. For injuries, Plaintiff states he suffered a lost tooth because he was unable to access dental care in the "free world" and "mental" injury because he "lost everything." [Id. at 5]. For relief, Plaintiff wants his state court sentence reduced through removal of the habitual felon enhancement and monetary damages.[2] [Id.].

## II.   STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief

---

[2] The Court is without authority to modify Plaintiff's state sentence in an action brought under 42 U.S.C. § 1983. Plaintiff must pursue and exhaust his rights through the North Carolina appellate process.

3

Case 1:23-cv-00062-MR   Document 11   Filed 05/12/23   Page 3 of 9

may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Plaintiff's Complaint fails initial review for several reasons.

First, the "Government of Macon County, N.C.," is not a legal entity subject to liability under 42 U.S.C. § 1983. This putative Defendant will be dismissed.

Second, Defendant Brogden is immune from suit under the doctrine of judicial immunity.  See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.").  Defendant Brogden will be dismissed.

Third, Plaintiff purports to sue Defendants Cooper and Stein, who are state officials, in their official capacities.  [Id. at 3].  However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  Will v. Dep't of State Police, 491 U.S. 58, 71 (1989).  Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder.  Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019).  Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).  Similarly, Plaintiff has failed to state an official capacity claim against Defendant Holland, as Chief of Police, because a police department is not a municipal entity subject to Monell liability under North Carolina law.  See Smith v. Munday, 848 F.3d 248, 256-57 (4th Cir. 2017) (citing Ostwalt v. Charlotte-Mecklenburg Bd. Of Educ., 614 F.Supp.2d 603, 607 (W.D.N.C.

2008); Wright v. Town of Zebulon, 202 N.C. App. 540, 688 S.E.2d 786, 789 (2010)). Moreover, Plaintiff makes no allegations of personal participation by Defendants Cooper, Stein, or Holland in any event. As such, Plaintiff has failed to state a claim against these Defendants, and they will be dismissed.

Finally, Plaintiff's claims appear to be barred by Heck v. Humphrey, 512 U.S. 477 (1994), in any event. In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, Plaintiff's claims appear to depend on what he contends was his wrongful detention pending trial based on his habitual felon status and on the denial of his due process rights in the conduct of the aborted state criminal trial. As such, a judgment in Plaintiff's favor would imply the invalidity of his conviction or sentence in the underlying criminal matter. Plaintiff, however, has not alleged that his sentence has been vacated or otherwise invalidated. Rather, Plaintiff seeks that his habitual felon status be "removed," and he be resentenced. Therefore, his claim also appears to be barred by Heck. The Court, therefore, will allow Plaintiff to amend his Complaint to show that it is not Heck-barred, if the facts support such amendment, and to state a claim for relief against a proper defendant.

## IV. PLAINTIFF'S LETTER

Also before the Court is a letter from the Plaintiff directed to the Clerk of Court. [Doc. 9]. In the letter, Plaintiff requests the Court to appoint counsel for him. [Id.]. The letter is wholly improper and will be stricken from the docket in this matter. As Plaintiff was advised in the Order of Instructions in this case, "[l]etters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court." [Doc. 3 at ¶¶ 4-5]. The Court, therefore, will strike this letter. Plaintiff may file a proper motion for

7

Case 1:23-cv-00062-MR   Document 11   Filed 05/12/23   Page 7 of 9

appointment of counsel.

**<u>Plaintiff is admonished that, if he files further improper letters or other filings in this matter, they may be summarily stricken.</u>**

## V. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant in this matter. Also, it appears that Plaintiff's claims may be <u>Heck</u>-barred. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to show that <u>Heck</u> does not apply and to otherwise properly state a claim for relief. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that all Defendants are **DISMISSED** as Defendants in this matter for Plaintiff's failure to state a claim for relief against them.

**IT IS FURTHER ORDERED** that Plaintiff's letter [Doc. 9] is **STRICKEN** from the record in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank Section 1983 form.

**IT IS SO ORDERED**.

Signed: May 11, 2023

Martin Reidinger
Chief United States District Judge