UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00062-MR

| ANTHONY V. ALOS, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| N.C. JUDICIAL STANDARDS | ) |
| COMMISSION, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 12], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A.

## I. BACKGROUND

Pro se Plaintiff Anthony V. Alos ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Bertie Correctional Center in Windsor, North Carolina. On March 9, 2023, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against the following Defendants: (1) Roy Cooper, Governor of North Carolina; (2) Josh Stein, Attorney General of North Carolina; (3) J.A. Brogden, identified as Magistrate for the Macon County Sheriff's Department; (4) Devin Holland, identified as the Macon County

Chief of Police; and (5) the "Government of Macon County N.C." [Doc. 1 at 1-3, 12]. Plaintiff named the individual Defendants in their official capacities only. [Id. at 2-3].

Plaintiff alleged that his Eighth Amendment rights were violated for excessive bail related to Plaintiff's state habitual felon status and under the Fourteenth Amendment for "due process of law forcing cruel and unusual punishment" related to new video evidence that was presented at his state criminal trial. [Id. at 3, 5]. For injuries, Plaintiff claimed he suffered a lost tooth because he was unable to access dental care in the "free world" and "mental" injury because he "lost everything." [Id. at 5]. For relief, Plaintiff asked that his state court sentence be reduced through removal of the habitual felon enhancement and for monetary damages. [Id.].

Plaintiff's Complaint failed initial review because Plaintiff failed to state a claim for relief against a proper Defendant and because it appeared that Plaintiff's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994) in any event. [Doc.11 at 8]. On May 12, 2023, the Court allowed Plaintiff 30 days to amend his Complaint to show that Heck did not bar his claims and to otherwise properly state a claim for relief in accordance with the Court's Order or the Court would dismiss this action without prejudice and without further notice to Plaintiff. [Id.].

2

Now before the Court is Plaintiff's Amended Complaint, which the Court received on June 22, 2023.[1] [Doc. 12]. In his Amended Complaint, Plaintiff names the N.C. Judicial Standards Commission President and Assistant District Attorney Jim Moore as Defendants. [Id. at 1-2]. Plaintiff purports to sue these Defendants in their individual and official capacities. [See id. at 2].

Plaintiff alleges, in summary, as follows. The unidentified Defendant President of the N.C. Judicial Standards Commission should have explained to their employees, Magistrate Judges J. Brogden and C. Millsap, that "habitual felon is only an enhancment for sentencing not a substante crime and the indictment for the new case file number shouldn't hold a bond over 1 Dollar if it is has to have one at all." [Id. at 12 (errors uncorrected)]. Defendant ADA Moore "should have helped fix this issue inste[a]d of denying bond motions by slandering [Plaintiff's] name from the prior arrests." [Id.]. Plaintiff claims this conduct violated his Eighth Amendment right to be free

---

[1] Plaintiff dated the Complaint June 10, 2023, [Doc. 12 at 11], but it was not postmarked until June 19, 2023, [Doc. 12-1]. In the Complaint, Plaintiff apologizes for "pushing the refileing of [his] 1983 to the very end" and asks the Court to "please excuse [his] tardieness if file was received a day or two late." [Doc. 12 at 12 (errors uncorrected)]. To the extent Plaintiff's Amended Complaint was filed after the deadline, the Court will construe this request as a motion for extension of time to file an amended Complaint, which the Court grants.

from "cruel and unusual punishment due to excess bail." [Id. at 3]. For injuries, Plaintiff states that he has suffered various physical injuries due to his pre-trial detention and confinement, as well as "mental stress" due to his prison sentence. Plaintiff seeks monetary relief only. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023).

Plaintiff's Amended Complaint fails initial review. Plaintiff fails to show how his claim is not barred by Heck. Rather, Plaintiff alleges that he remains incarcerated. [Doc. 12 at 5]. As such, Plaintiff's claim is barred. Even if Plaintiff's claim were not barred by Heck, he has failed to state a claim for relief against a proper Defendant in any event. Defendant ADA Moore is immune from suit under the doctrine of prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 419 (1976). Moreover, Plaintiff's claim against the President of the N.C. Judicial Standards Commission for unfavorable decisions by county Magistrate Judges is plainly unavailing and improper.

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise properly failed to state a claim for relief, the

5

Case 1:23-cv-00062-MR   Document 13   Filed 07/11/23   Page 5 of 6

Court will dismiss this action with prejudice. See <u>Green v. Wells Fargo Bank, N.A.</u>, 790 Fed. App'x 535, 536 (4th Cir. 2020).

Plaintiff would be well advised to pursue and exhaust his state court remedies relative to his criminal conviction and sentence rather than continue to file frivolous actions in this Court.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 12] is **DISMISSED with prejudice** in accordance with the terms of this Order for Plaintiff's failure to state a claim for relief.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: July 11, 2023

Martin Reidinger
Chief United States District Judge